**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |
|---|---|
| ANNAKUTTY JOSEPH, | ) |
|  | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 1:19-cv-614 |
|  | ) |
| TARGET STORES, INC. | ) |
|  | ) |
|     Defendant. | ) |
|  | ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment.

On May 21, 2016, Plaintiff Annakutty Joseph slipped on a puddle of water in Defendant's Gainesville, Virginia store. As a result of her fall, Plaintiff was injured. In this matter, Plaintiff alleges that Defendant is liable for her injuries as a result of its negligent failure to maintain the premises in a safe condition. The material facts of the case are straight-forward and not genuinely disputed.

Plaintiff's fall occurred while walking in aisle 27 of the store at approximately 1:30 P.M. In her deposition, Plaintiff admitted that she did not see the puddle before her fall and stated that she was instead looking for a store exit at the time. It had been raining heavily in the Gainesville area from the early morning

hours until approximately 7:00 A.M. on the day of Plaintiff's fall, and while the parties agree that the puddle was formed by rain water leaking through the ceiling, there is no evidence as to how the water penetrated the roof, how the water penetrated the ceiling tiles, how long it took the puddle to form on the floor of aisle 27, or how long the puddle was present on the floor prior to Plaintiff's fall. The parties agree that the puddle was relatively large – approximately two feet wide – and Plaintiff adds that it was also six or seven feet in length.

There is no evidence that any Target employee knew about the puddle prior to Defendant's fall. When Target employees responded to the area after Plaintiff's fall, one employee noted on an incident report that water was not actively dripping from the ceiling and that the water on the floor was difficult to see. While it is unclear whether Defendant had an official store policy of checking aisles for water after rain events, the evidence does indicate that store employees were generally instructed to be alert for hazards in the aisles.

Plaintiff originally pursued the case under the theory that Defendant was aware that the building's roof had a history of leaking but having found no evidence supporting that theory, now argues that a Target employee must have left a roof hatch open following routine maintenance to the building's HVAC system, allowing rain to enter the structure and penetrate the ceiling

tiles. In support of the its new theory, Plaintiff offers the declaration and expert report of David Hawn, a "Registered Roof Consultant," who concluded that the leak was "more likely that not" caused by a Target employee leaving the roof hatch open after performing HVAC maintenance on May 9, 2016. Defendant disputes that the roof hatch was left open following the maintenance work. In support, Defendant provides the declaration of the Target employee who performed the work, Mac Campbell, who states that he closed the door after performing the HVAC maintenance.

In her amended complaint, Plaintiff alleges claims for Negligence, Negligence *per se*, and Respondent Superior. Defendant argues it is entitled to summary judgment because it had no actual or constructive notice of the hazard in the aisle, and separately, because Plaintiff was contributorily negligent by failing to notice the condition prior to her fall.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the

burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). This Court finds this case is ripe for summary judgment.

It is well-settled that a store owner must "exercise ordinary care toward [a customer] as its invitee upon its premises," and that "in carrying out this duty it was required to have the premises in reasonably safe condition for [the customer's] visit; to remove, within a reasonable time, foreign objections from its floor which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the [customer] of the unsafe condition if it was unknown to her, but was, or should have been known, to the [store owner]." Colonial Stores v. Pulley, 125 S.E.2d 188, 190 (Va. 1962). Thus, to establish a prima facie case for premises liability, a plaintiff must establish that a store owner had either actual or constructive notice of the unsafe condition in question. Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 453-54 (4th Cir. 2000). Where there is no evidence of actual notice of the unsafe condition, as is the case here, a plaintiff has the burden show that the condition "existed for a sufficient length of time" to charge the owner with notice of it. Id. at 454. Thus, the dispositive issue before the Court on Defendant's motion for summary judgment is whether there is evidence that the puddle in aisle 27 existed for a sufficient

period of time such that Defendant may be charged with "constructive notice" of its existence.

Plaintiff concedes that Defendant had no actual notice of the condition, but instead relies on the declaration and expert report of David Hawn. Hawn concludes that the leak was "more likely than not" caused by an open roof hatch, and Plaintiff further argues that a jury may draw reasonable inferences from Hawn's report to conclude that the puddle existed for a sufficient period of time such that Defendant should have been aware of it.

Plaintiff has the burden to establish each element of her cause of action; she cannot invite a jury to speculate as to how the leak occurred, how long the puddle took to form, and most importantly, how long the puddle was present in aisle 27 prior to her fall. "It is incumbent on [a] plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover." Lawson v. Doe, 391 S.E.2d 333, 335 (Va. 1990) (quoting Weddle, Administratrix v. Draper, 130 S.E.2d 462, 465 (Va. 1963)). "Where there is no evidence of actual knowledge . . . if the evidence fails to show when a defect occurred on the premises, the plaintiff has not made out a prima facie case." Cerquera v. Supervalue, Inc., 715 F. Supp. 2d 682, 686 (E.D. Va. 2010) (citing Grim v. Rahe, Inc., 434 S.E.2d 888, 890 (Va. 1933)).

Plaintiff's argument that a jury could infer that the water began leaking from the ceiling results from Hawn's conclusion that a roof hatch was left open during the rain that morning, which is not based on any evidence in the record. Although Plaintiff characterizes Hawn's conclusion as evidence that the hatch was indeed open, it is apparent that Hawn is only speculating that the door may have been left open. Even assuming Hawn is correct that the roof hatch was open, there is still no evidence as to how long the water took to saturate and leak through the ceiling tiles and form the puddle on the floor of aisle 27. In other words, the evidence as to whether the puddle existed for a "sufficient length of time sufficient to charge" Defendant with knowledge of it is lacking entirely. <u>Hodge</u>, 360 F.3d at 454. Plaintiff's failure to produce evidence sufficient to put Defendant on notice of the puddle in aisle 27 dooms her claims.

Defendant also argues that even if Plaintiff were able to produce evidence that it could be charged with constructive notice of the puddle, Plaintiff was contributorily negligent by failing to notice the puddle prior to her fall. The Court agrees.

Plaintiff cannot "walk blindly into a dangerous condition which is open and obvious to a person in the exercise of ordinary care and then claim to be blameless." <u>Gall v. Great Atlantic & Pacific Tea Co.</u>, 230 S.E.2d 378, 380 (Va. 1961). An individual that trips and falls over an "open and obvious" condition is guilty

of contributory negligence as a matter of law. Rocky Mountain Shopping Ctr. Assoc. v. Steagall, 369 S.E.2d 193, 194 (Va. 1988). While it is true that there is no hard and fast rule that a "pedestrian's failure to look down while stepping forward must constitute contributory negligence in every case," the "circumstances of each case must be considered to determine whether a pedestrian who failed to look nevertheless produced sufficient evidence to support a finding that the pedestrian exercised reasonable care for his or her safety under the circumstances." Little Creek Inv. Corp. v. Hubbard, 455 S.E.2d 244, 246 (Va. 1995); see also Steagall, 369 S.E.2d at 194 (holding that a hazard was open and obvious because plaintiff could have seen the hazard "had she looked").

While there is some evidence in the record that the puddle was difficult to see, there is also undisputed evidence that Plaintiff and the Target employees could see the puddle when they looked. Plaintiff also admitted that she knew it had been raining that day and at the time of the fall, she was looking for a store exit, not the aisle where she was walking. Even when construing the evidence most favorably to Plaintiff, as the Court must, the Court finds that the puddle was "open and obvious" and that Plaintiff failed to exercise reasonable care for her own safety. See Fultz v. Delhaize Am., Inc., 677 S.E.2d 272, 275 (Va. 2009) ("The essential concept of contributory negligence is

carelessness."). Because Plaintiff was contributorily negligent as a matter of law, she cannot recover. <u>Litchford v. Hancock</u>, 352 S.E.2d 335, 337 (Va. 1987).

For the forgoing reasons, the Court finds that Defendant is entitled to summary judgment. An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 29, 2020

8